HAMBURGUER BROS. CO., INC., Plaintiff and Appellee, *v.* JULIO GANDÍA ET AL., Defendants and Appellant the former.

No. 4981. Argued February 11, 1930.—Decided April 24, 1930.

*José E. Díaz,* for appellant.  *V. Polanco de Jesús,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit in a municipal court for the delivery of a certain lot of tobacco, or in the alternative for the value of such tobacco. Plaintiff's claim to the right of possession was based on a contract for agricultural advances between plaintiff and Cantalicio Ríos.

Ríos, as the tenant of Gandía, was to receive two-thirds of the tobacco produced by him on fifteen *cuerdas* of land. The other one-third of the crop was to be turned over to Gandía as rental. The advances made under the contract between plaintiff and Ríos were secured by a lien upon his two-thirds.

An amended complaint in the municipal court was entitled "Hamburguer Bros. Co. Inc., plaintiff v. Julio Gandía and Cantalicio Ríos, defendants." Plaintiff alleged therein that it was "a company incorporated under the laws of New York registered in the Office of the Executive Secretary of Porto Rico, with an office in the city of Vega Baja, Porto Rico."

The prayer was for a judgment against "the defendant."

A so-called judgment in the municipal court follows the title of the complaint, in so far as the name and corporate character of plaintiff is concerned. This document recites that "the defendant" did not offer any evidence. The dispositive portion thereof is an order directing the secretary to enter a judgment in accordance with the prayer of the complaint.

Julio Gandía appealed to the district court.

At the threshold of the trial *de novo* in the district court plaintiff moved for leave to amend the complaint where it speaks of a "company incorporated, etc.," so as to read "a mercantile partnership." To this counsel for defendant assented, and the proposed amendment was allowed. The contract for agricultural advances, subsequently introduced in evidence, purports to be an agreement by and between Cantalicio Ríos and Emilio R. Arce as the representative of "the company Hamburguer Bros. & Co., incorporated under

the laws of the state of New York, with office in the city of Vega Baja, Porto Rico, and doing business in this island.''

Arce testified that Julio Gandía set apart or let to Cantalicio Ríos fifteen *cuerdas* of land for the planting of tobacco, and that Ríos came to the office of witness in Vega Baja for advances; that witness telephoned Gandía and explained to him that Ríos wanted to plant fifteen *cuerdas* of tobacco and asked Gandía if witness could advance the money, and Gandía replied in the affirmative; that Gandía said two-thirds of the crop was to go to Ríos and the other third to Gandía.

At the close of the evidence for plaintiff, defendant moved for a nonsuit for the want of evidence to show that plaintiff was either a corporation or a partnership with legal capacity to sue. In reply counsel for plaintiff cited *West India Oil Co.* v. *Tormos et al.* 36 P.R.R. 581, and, after some argument, asked that he be permitted to put Arce again on the stand. This request was granted, over the objection of defendant, and Arce then testified: that before entering into the contract with Ríos witness telephoned Gandía that Ríos had been in the office of witness in Vega Baja to obtain agricultural advances for the planting of fifteen *cuerdas* of tobacco on land assigned to him by Gandía for that purpose, on the basis of one-third for Gandía as rental and two-thirds for Ríos as his share in the crop; that witness explained this to Gandía and inquired whether there would be any danger in entering into the contract, whether it was true that Gandía had let the fifteen *cuerdas* to Ríos, and whether witness could contract with him; that Gandía replied in the affirmative, and said it was quite possible that his share would go to the warehouse; that Gandía gave witness permission to make the contract; that the tobacco was to be planted on land belonging to Julio Gandía; that Gandía was to have one-third of the tobacco and ''the rest was for us''; and that the understanding was that one-third of the crop would be respected as belonging to Julio Gandía.

The examination of this witness by counsel for plaintiff

was followed by two questions from the bench. These two questions, with the answers thereto, were as follows:

"Q. Did you, as representative of the plaintiff, agree with Julio Gandía that one-third of the crop should belong to him? A. Yes, sir. Q. Did you agree to that with Julio Gandía? A. Yes, sir."

The district judge then said that he would decide the motion for nonsuit after consideration of the case on its merits.

Julio Gandía testified that he had never made any contract with the Hamburguer Brothers Company; that he did not know who Arce was, nor who the company was.

The District Court rendered judgment for plaintiff.

We need not speculate as to whether or not a defendant who has transacted business with a New York mercantile partnership is estopped to deny the existence of such a firm as a separate and independent entity with capacity to sue in the firm name without naming the individual members as parties. The testimony above outlined does not disclose any contractual relation between Julio Gandía and plaintiff, either as a firm or as a corporation. The averment as to plaintiff's legal existence and capacity to sue was denied by the answer, and there was no evidence to support the averment.

The judgment appealed from must be reversed and the case dismissed.